**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | **CRIMINAL NO. 23-269** |
| MARC VINCENT | : | |

### GOVERNMENT'S PRETRIAL MEMORANDUM

The United States of America, by its attorneys, Jacqueline C. Romero, United States

Attorney for the Eastern District of Pennsylvania, and Josh A. Davison and S. Chandler Harris,

Assistant United States Attorneys for that District, respectfully submit the following pretrial

memorandum.

## I.    BACKGROUND

The defendant, Marc Vincent, is charged in Count One with procuring citizenship

through a false statement, in violation of 18 U.S.C. § 1425(a), in Count Two with procuring

citizenship unlawfully, in violation of 18 U.S.C. § 1425(b), and in Counts Three through Five

with three counts of false statements relating to naturalization, in violation of 18 U.S.C. §

1015(a).   As discussed below at greater length, the defendant, in submitting Forms N-400 and

N-445 and in his sworn affirmations at his interview at U.S. Citizenship and Immigration

Services for the purposes of his application for naturalization as a United States citizen from

March 15, 2017, through on or about February 9, 2018, falsely declared that he had never forced

anyone to have sexual contact and falsely declared that he never committed a crime, when in

fact, he had been committing rape, during and before the naturalization process.   He was

convicted in the Court of Common Pleas in Philadelphia on February 26, 2019 of Rape by

Forcible Compulsion, in violation of 18 PA C.S.A. § 3121(a)(1), and Unlawful Contact with

Minor, in violation of 18 PA C.S.A § 6318(a)(1).   On June 20, 2023, the defendant was charged

in a five-count indictment with one count of procuring citizenship through a false statement, in

violation of 18 U.S.C. § 1425(a), procurement of citizenship unlawfully, in violation of 18

U.S.C. § 1425(b), and three counts of false statements relating to naturalization, in violation of

18 U.S.C. § 1015(a). Trial is scheduled to begin in this case on April 1, 2024.

## II.    **FACTUAL BACKGROUND**

The defendant, Marc Vincent, a native of Haiti, submitted a written application for

naturalization (Form N-400) on March 15, 2017 to the Philadelphia field office of U.S.

Citizenship and Immigration Services ("USCIS").   On the day of his naturalization interview,

January 17, 2018, USCIS approved the application and Vincent was sworn in as a United States

citizen on February 9, 2018.   Approximately five months after he was sworn in as a United

States citizen, Vincent was arrested in Philadelphia on July 21, 2018 for the rape of a minor

female that occurred on or about September 29, 2017 and on various dates between July 1, 2015

and July 30, 2018.

On February 26, 2019, Vincent was convicted in the Court of Common Pleas in

Philadelphia on February 26, 2019, pursuant to a plea of guilty, to Rape by Forcible Compulsion,

in violation of 18 PA C.S.A. § 3121(a)(1), and Unlawful Contact with Minor, in violation of 18

PA C.S.A § 6318(a)(1).[1]

During the course of completing his naturalization application in 2017 and in reaffirming those answers in an interview with an adjudicator from USCIS on January 17, 2018, Vincent answered questions denying that he had: 1) ever been involved in "[f]orcing, or trying to force, someone to have any kind of sexual contact or relations," (Question 14(E)) and 2) confirming that he had not "committed…[or] attempted to commit, a crime or offense for which [he was] not arrested" (Question 22).    Vincent made the same misrepresentation on Form N-445 alleging that he had not committed a crime between the date his naturalization application was approved, January 17, 2018, and the date he was sworn in as a U.S. citizen, February 9, 2018.   The defendant's plea to two counts in the criminal information referenced above squarely established that Vincent's criminal conduct began in 2015 through July 30, 2018 and that his answers to those questions during the naturalization process were necessarily false.

## III.    STATUTES CHARGED AND ELEMENTS OF THE OFFENSE

A. Count One- Section 1425(a) of Title 18 provides:

> Whoever knowingly procures or attempts to procure, contrary to law, the naturalization of any person, or documentary or other evidence of naturalization or of citizenship [commits a felony].

In order to prove a violation of 8 U.S.C. § 1425(a), the government must prove the

---

[1] During the pendency of the first federal indictment (19-430- dismissed without prejudice), the defendant filed a Post Conviction Relief Act ("PCRA") claim with the Court of Common Pleas in Philadelphia to withdraw his guilty plea on the state rape case and that relief was granted. As a result of that vacated conviction, we moved to dismiss our federal indictment without prejudice and that motion was granted by Judge Kenney on November 3, 2020. The Philadelphia District Attorney's Office then appealed that decision and on September 30, 2022, the Pennsylvania Superior Court, in a non-precedential decision, reversed the Court of Common Pleas' decision and the defendant's rape conviction was reinstated.

following four elements beyond a reasonable doubt:

1.  First, that the defendant made false statements on the application for naturalization;

2.  Second, that the defendant made the statements knowingly;

3.  Third, that the statements were contrary to law [must be material]; and

4.  Fourth, that the defendant procured or attempted to procure naturalization.

B.  Count Two- Section 1425(b) of Title 18 provides:

Whoever, whether for himself or another person not entitled thereto, knowingly issues, procures, obtains, or applies for or otherwise attempts to procure or obtain naturalization, or citizenship, or a declaration of intention to become a citizen, or certificate of arrival or any certificate or evidence of nationalization or citizenship, documentary or otherwise, or duplicates or copies of any of the foregoing [commits a felony].

In order to prove a violation of 18 U.S.C. § 1425(b), the government must prove the following four elements beyond a reasonable doubt:

1.  That the defendant, for himself, procured, obtained, applied for, or otherwise attempted to procure or obtain naturalization, citizenship, a declaration of intention to become a citizen, a certificate of arrival or any certificate or evidence of nationalization or citizenship, documentary or otherwise, or duplicates or copies of any of the above;

2.  That the defendant or other person was not entitled to citizenship or naturalization; and

4

    3.   That the defendant did so knowingly, that is, the defendant knew that he was not entitled to citizenship or naturalization.

C.  Count Three through Five- Section 1015(a) of Title 18 provides:

>Whoever knowingly makes any false statement under oath, in any case, proceeding, or matter relating to, or under, or by virtue of any law of the United States relating to naturalization, citizenship, or registry of aliens shall be fined under this title or imprisoned not more than five years, or both.

In order to prove a violation of 18 U.S.C. § 1015(a), the government must prove the following four elements beyond a reasonable doubt:

    1.   statement made under oath related to naturalization;

    2.   the statement was false; and

    3.   the statement was made knowingly.

## IV.  <u>WITNESSES</u>

The Government may call the following witnesses in its case-in-chief:

    A.   <u>USCIS Officer Norman McCall</u>:
Mr. McCall will testify regarding his adjudication of naturalization applications while working for USCIS and his particular involvement in the application and documents concerning the defendant;

    B.   <u>HSI Special Agent Louise Kennedy</u>: Special Agent Kennedy will testify regarding the defendant's naturalization application, the defendant's conviction record and his identity; and

The government reserves the right to supplement this memorandum and its witness list as may be required.

**V.    <u>Expected Length of Trial</u>**

The government expects this trial to last approximately one day, exclusive of jury selection.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney


<u>s/ Robert J. Livermore          </u>
ROBERT J. LIVERMORE
Assistant United States Attorney
Chief, National Security and Cyber Crimes


<u>s/ Josh A. Davison____          </u>
JOSH A. DAVISON
S. CHANDLER HARRIS
Assistant United States Attorneys


Date: March 18, 2024

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the Government's Pretrial

Memorandum has been served on this date by electronic filing and/or e-mail to:

Jeremy Izard and Mark Wilson
Federal Defender Association
601 Walnut Street, Suite 540 West
Philadelphia, PA 19106
andrew_moon@fd.org


s/ Josh A. Davison
JOSH A. DAVISON
Assistant United States Attorney

Date: March 18, 2024

7